340 So.2d 920 (1976)
MIMS and THOMAS Manufacturing Co. and Insurance Company of North America, Petitioners,
v.
Dorothy G. Ferguson and Industrial Relations Commission, Respondents.
No. 48230.
Supreme Court of Florida.
November 4, 1976.
*921 H. Jack Miller and H. George Kagan of Miller & Hodges, Coral Gables, for petitioners.
Jonathan L. Alpert, Miami, for respondents.
Richard A. Sicking of Kaplan, Dorsey, Sicking & Hessen, Miami, for Fla. Academy of Trial Lawyers, amicus curiae.
John McQuigg, Tampa, for amicus curiae.
ENGLAND, Justice.
We have before us for review an order of the Industrial Relations Commission which held with respect to so-called "scheduled injuries" under Section 440.15(3), Florida Statutes (1975), that disability benefits awarded for a partial loss of limb must be determined by reference to "the occupational impact of the injury upon the scheduled member... ." In so ruling the Commission reversed an award of benefits rendered by the Judge of Industrial Claims who had found that a compensable injury to the claimant's right arm had resulted in a 10% impairment of physical use.[1] The judge had disregarded as being irrelevant testimony that the injury had caused a 20-25% loss of wage earning capacity.
The Commission's decision in this case recedes from a line of precedent in Commission decisions which have held that the statutory schedule replaces a factual inquiry into the economic loss actually suffered by the injured claimant. While we acknowledge the power of the Commission to interpret the workmen's compensation statutes, the Commission in this case exceeded its authority by construing particular language in the statute to thwart the intent of the Legislature. In so doing it departed from essential requirements of the law.
Over the years this Court has said that diminished earning capacity is not a criterion for determining a compensation award in a case of "scheduled" injuries under the legislative scheme. Jewell v. Wood, 130 So.2d 277 (Fla. 1961); Magic City Bottle & Supply Co. v. Robinson, 116 So.2d 240 (Fla. 1959); Southern Bell Tel. & Tel. Co. v. Bell, 116 So.2d 617 (Fla. 1959) (dicta). None of these cases directly held that compensation for a partial loss of limb should be based on physical impairment rather than economic impact, but the opinions in each case were based on an assumption that such was the obvious meaning of the statute. While the Commission's written order puts forth cogent policy arguments in support of its conclusion, we are not persuaded that the generally held understanding of the statute does not reflect the intent of the Legislature.
Scheduled benefits are authorized in statutes in all American jurisdictions having workmen's compensation laws.[2] As explained in Magic City, the rationale for scheduling the benefits for certain injuries is to establish a conclusive presumption based on the observed economic effect of such injuries in many similar cases.[3] The statutory schedules in fact relate to the actual earning loss of all individuals suffering the same employment related injury, by basing awardable benefits on defined durations of weekly wages.
While it may be illogical to treat as comparable a lawyer's loss of hand and a pianist's, *922 insofar as this part of the workmen's compensation law is concerned (permanent partial disabilities) any adjustment must emanate from the Legislature.
It was error for the Commission to inject individual loss of earnings into compensation awards in partial loss cases. Accordingly, the petition for the writ of certiorari is granted, the order of the Commission is quashed, and the cause is remanded with directions to reinstate the order of the judge of industrial claims.
OVERTON, C.J., and BOYD and SUNDBERG, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] It was argued before the Commission that the judge of industrial claims improperly accepted expert medical evidence as conclusive on the issue of physical impairment. The Commission did not rule on the question. Our review of the order awarding benefits, however, discloses no basis to believe that all relevant evidence was not considered. The judge expressly stated: "The claimant's testimony is not in substantial conflict with the reports of Dr. Glucroft. I accept the opinion of Dr. Glucroft regarding the employee's permanent physical impairment." There was no clear departure from the law regarding expert testimony. See Magic City Bottle & Supply Co. v. Robinson, 116 So.2d 240 (Fla. 1959).
[2] 2 A. Larson, Workmen's Compensation Law, § 58.10, at 164 (1976).
[3] See also, id. at § 58.11, p. 168 (1976).