382 So.2d 736 (1980)
Berta EQUES, Appellant,
v.
BEST KNIT TEXTILE CORPORATION and Hartford Insurance Group, Appellees.
No. QQ-254.
District Court of Appeal of Florida, First District.
March 21, 1980.
*737 Richard A. Sicking of Kaplan, Sicking, Hessen, Sugerman, Rosenthal & Zientz, Miami, for appellant.
John G. Tomlinson, Jr., of Williams & Tomlinson, Coral Gables, for appellees.
PER CURIAM.
Appellant, Berta Eques, appeals a workers' compensation order which awarded benefits for a 50% permanent partial disability of her right arm and a 16% permanent partial disability of her body as a whole.
The deputy found that appellant reached maximum medical improvement on an orthopedic basis on May 13, 1976, and on a neurological basis on April 8, 1977, that she was not entitled to temporary benefits subsequent to May 13, 1976. He entered the following findings: First, that she suffered a wage earning capacity loss equivalent to a 10% disability of the body as a whole, in excess of her permanent physical impairment. Second, that she suffered no psychiatric impairment causally related to her industrial accident. Third, that the employer/carrier, appellees, were not financially responsible for the treatments rendered by a psychiatrist, Dr. Borges, in that appellant had undertaken these treatments without authorization by the employer/carrier. Finally, the employer/carrier was found to be entitled to a credit or offset of compensation benefits from those benefits "presently being paid" to the appellant by the Social Security Administration.
Appellant presents these five points on appeal:
1. Whether the deputy erred in finding that the employer was entitled to a setoff of compensation benefits from benefits "presently being paid" by the Social Security Administration for total disability.
2. Whether the deputy erred in finding that the appellant does not have a psychiatric impairment causally related to her industrial accident.
3. Whether the deputy erred in denying the payment of the medical bill of Dr. Borges.
4. Whether the deputy erred in denying temporary disability between May 13, 1976, and April 8, 1977.
5. Whether the deputy erred in awarding the appellant a 50% permanent physical impairment of the arm, plus 6% impairment of the body, plus a 10% disability of the body for wage earning capacity loss.
Appellant, age 58, has a sixth grade education and varied job history in unskilled labor. While working in the appellee/employer's garment factory on August 14, 1975, she caught her right arm in a defective knitting machine. Multiple injuries to her hand, arm, neck and shoulder resulted. Three operations for her arm were required, and appellant received authorized medical treatments from specialists in orthopedic surgery and neurosurgery. Without authorization from the employer/carrier, appellant also visited a psychiatrist, *738 Dr. Borges, four times, beginning April 6, 1977. On May 13, 1977, the carrier wrote Dr. Borges to inform him his treatments were unauthorized. At the time of the hearing, appellant was receiving monthly social security benefits in the amount of $211.50, reflecting cost of living increases since the accident, instead of the initial base rate of $187.00.
Much conflicting evidence was presented at the hearing, including the orthopedic surgeon's testimony that appellant had reached maximum medical improvement by May 13, 1976, with a 50% permanent partial impairment of the upper right extremity. Based on an April 8, 1977 examination, the neurosurgeon testified appellant had reached maximum medical improvement with a 6% permanent partial impairment on a neurological basis, manifested by cervical thoracic strain and headaches. The neurosurgeon also opined the appellant had not sustained any psychiatric impairment from her industrial accident.
We affirm those portions of the deputy's order which find that appellant was not entitled to benefits in the form of psychiatric treatment and that the employer/carrier was not responsible for the psychiatric treatment expenses of Dr. Borges. Competent, substantial evidence supports the deputy's finding that the appellant did not sustain any psychiatric impairment causally related to her industrial accident. It follows that the appellant could not show the psychiatric treatments provided by Dr. Borges were reasonable and necessary to excuse her failure to obtain prior authorization for his treatments. See Section 440.13, Florida Statutes (1975). Thus, the deputy correctly denied reimbursement to the appellant for Dr. Borges' unauthorized psychiatric treatments. The order is affirmed as to Points 2 and 3.
As to Point 1, however, we reverse. The judge erred in including the cost-of-living increases to claimant's social security benefits in computing the social security off-set. See A.C. Scott Construction and Paving Company, Inc. v. Miller, IRC Order 2-3906 (September 11, 1979); Great Atlantic & Pacific Tea Co. v. Wood, 380 So.2d 558 (Fla. 1st DCA 1980).
As to Point 4, we also reverse. The deputy erred in awarding permanent benefits based on a May 13, 1976 date of maximum medical improvement on an orthopedic basis. The deputy's finding that appellant did not reach maximum medical improvement on a neurological basis until April 8, 1977, was a finding that she remained temporarily disabled well after May 13, 1976. Thus, permanent benefits were awarded prematurely. Murphy v. Walsh, IRC Order 2-3086 (January 4, 1972), cert. den. 351 So.2d 407 (Fla. 1977).
Accordingly, we reverse those portions of the order awarding permanent partial benefits based on a May 13, 1976 date of maximum medical improvement, and remand the case so that the deputy may determine an accurate date of maximum medical improvement and award appropriate temporary and permanent benefits.
We also agree that the deputy erroneously calculated permanent partial disability benefits. On remand, the deputy should first determine the scheduled recovery; next, he should determine the separate anatomical injury to the body as a whole; third, he must determine the loss of wage earning capacity, taking into consideration all of the claimant's injuries; fourth, he must determine which of the following determinations is greater: (1) either the loss of wage earning capacity, or (2) the total of the scheduled injuries, plus injury to the anatomical body as a whole, not resulting from the scheduled injury. Finally, the deputy must award benefits based upon whichever of those two determinations is greater. Section 440.15(3)(u), Florida Statutes (1975); Siver v. Proefke-Nielsen Construction Company, 8 FCR 174 (1974); Grao v. Fontainebleau Hotel, 8 FCR 354 (1974), cert. den. 300 So.2d 900 (Fla. 1974).
Reversed in part and remanded, so that the deputy may enter an order consistent with this opinion.
ERVIN, SHIVERS and SHAW, JJ., concur.