382 So.2d 820 (1980)
Prince KENNEDY, Jr., Appellant,
v.
William TYSON and Lathern Broughton and Morrison Assurance Company, Appellees.
No. RR-500.
District Court of Appeal of Florida, First District.
April 14, 1980.
Roderick G. Magie of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, P.A., Pensacola, for appellant.
L. Kathleen Horton of Clark, Partington, Hart & Hart, Pensacola, for appellees.
SHAW, Judge.
Appellant fell and sustained a compensable injury to his left knee on November 7, 1974. On March 8, 1978 he reached maximum improvement and in December of 1978 he was examined by Dr. Batson who opined a 25% permanent partial impairment of the left lower extremity. Appellant's claim for benefits in excess of the anatomical rating was denied.
The order denying the claim contains findings that appellant's injury "functionally" exceeds the assigned 25% rating; that appellant's disability is 35% based solely upon loss of wage-earning capacity and that disability is 50% of the left leg after "considering all factors." The judge then makes the statement that:
[T]his Court feels compelled to limit its award to the schedule set forth in F.S. 440.15(3)(b) in spite of the clear language of F.S. 440.15(3)(s) and the holding of the Supreme Court in Magic City Bottle & Supply Co. v. Robinson, 116 So.2d 240 (Fla. 1959). The Industrial Relations Commission has repeatedly held that the Magic City case cannot be used to circumvent the holding in Mims and Thomas Manufacturing Co. v. Ferguson, 340 So.2d 920 *821 (Fla. 1976), see H.B.H. Services Corp. v. Powell, IRC Order 2-3388 (1978). The holding in Magic City is clear. The Deputy Commissioner ruled that in spite of the doctor's testimony to a five percent impairment rating, the Claimant had lost in excess of 1/3 of the normal use of his left leg.
In my opinion, the case is irreconcilable with the opinion of the Court in Mims. ... A careful reading of both the Magic City and Mims cases leads one to the conclusion that it is difficult, if not impossible, to understand how the cases can be reconciled. One can only conclude that the cases are irreconcilable and that the Industrial Relations Commission has opted for the de facto overruling of the Magic City case by Mims.

Appellees concede, and we agree, that the judge misinterpreted Magic City. This perhaps led him to the conclusion that Magic City and Mims are irreconcilable and he is compelled thereby to limit disability to 25% of the leg. In light of this misapprehension we are unable to tell whether he applied the correct law in denying the claim. It is not at all clear in our minds that he was aware that when dealing with a scheduled injury, expert medical testimony is nonconclusive and the judge is free to consider other evidence in arriving at a permanent partial loss or loss of use of the member. On the other hand, he may have concluded that after considering all pertinent evidence the disability to the scheduled member does not exceed 25%.
The order lacks the degree of specificity necessary to enable us to determine how he arrived at his conclusion and we find it necessary to reverse and remand with directions that the judge reconsider his order in light of this opinion.
ROBERT P. SMITH, Jr., and BOOTH JJ., concur.