384 So.2d 722 (1980)
AGRICO CHEMICAL COMPANY and Underwriters Adjusting Company, Appellants,
v.
Garlie Lincoln LAWS, Appellee.
No. RR-57.
District Court of Appeal of Florida, First District.
June 9, 1980.
John S. Smith of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Tampa, for appellants.
W. James Kelly, of Philpot & Kelly, P.A., Lakeland, for appellee.
PER CURIAM.
The claimant, a 39-year-old flagman, was unable to straighten his back after bending down to couple railroad cars. His condition was diagnosed as a preexisting asymptomatic stenosis of the spinal canal, aggravated by a pinched nerve. Dr. Pfaff testified that the pinched nerve was secondary to the stenosis, caused no additional weakness in the back and made the claimant no more prone to back problems in the future than he had been prior to the accident. The doctor, nevertheless, rated the claimant as 5% permanently partially disabled based upon the following rationale:
I took into consideration the fact that he had an episode of back pain with rather severe involvement to the nerve without permanent damage and I advised him against returning to heavy manual labor such as a flagman, because this is going to put him in the position to reinjure his back and in that situation he might even precipitate a true herniated nucleus pulposus, and that was taken into consideration. Also taken into consideration was the fact that he had no major nerve damage as yet. He does have a chronic back condition and I rated him, because I thought he was limited in that field of endeavor.
*723 The carrier voluntarily paid the 5% disability opined by Dr. Pfaff and the claimant made claim for permanent partial disability in excess of 5%. The JIC awarded 40% permanent partial disability of the body as a whole based on loss of wage earning capacity. Nowhere in the order is there a finding by the judge that the claimant sustained any permanent anatomical impairment. Without such a finding there can be no award for loss of wage earning capacity. Arcuri v. Morgan-Oswood Associates, IRC Order 2-3207 (July 28, 1977); Cohen-Ager, Inc. v. Pierce, IRC Order 2-3173 (June 2, 1977); Owens v. John F. Kennedy Memorial Hospital, 7 F.C.R. 217 (1972). This fact-finding function is exclusively within the domain of the Judge of Industrial Claims and cannot be delegated to the treating physician. Cook v. Hamilton County Board of County Commissioners, IRC Order 2-2984 (June 16, 1976). The order is accordingly reversed as to the issues raised by appellants in Points 1 and 2 and remanded to the JIC with directions that he reconsider his order in light of his opinion.
As to the issue raised by Point 3, the employer's contribution to medical insurance premiums is of a present-day economic value to the claimant and was properly included in the computation of average weekly wage. Cf. City of St. Petersburg v. Johnson, IRC Order 2-3483 (July 21, 1978), cert. denied, 368 So.2d 1364 (Fla. 1979); Sunland Training Center v. Thomas, IRC Order 2-3917 (Sept. 19, 1979).
Our reversal of the order on Points 1 and 2 necessarily impacts upon the award of fees. The award of attorney's fees is reversed and remanded for reconsideration.
SHAW, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
I dissent. Crews v. Town of Bay Harbor Islands, 378 So.2d 1265 (Fla.1st DCA 1979).