WENTWORTH, Judge.
The claimant in this case appeals a workers’ compensation order which found that she incurred only a scheduled hand injury, and that all permanent and temporary disability compensation due had been paid. The order denied reclassification of permanent disability compensation to temporary disability benefits for a period when recommended surgery had been rejected and claimant had been released for employment. We find no error on those issues and no merit in the further argument on alleged need for several weeks’ nursing and for psychiatric services after notification that such treatment was not authorized.
The order rejects the claim for psychiatric treatment, (which was not recommended by claimant’s authorized treating physician) and also necessarily rejects the opinion of Dr. Gilbert that claimant suffered psychiatric temporary partial disability on the date of her last examination by him in February 1978. His testimony at the hearing on March 15, 1979, was that he could not assess a permanent disability without further evaluation since he had not seen claimant for more than a year. Our examination of the record indicates no reversible error in the determination against both temporary and permanent psychiatric disability, and limitation of the award to permanent benefits for a scheduled disability of the hand. Cf., Berta Eques v. Best Knit Textile Corp. and Hartford Insurance Group, 382 So.2d 736 (Fla. 1st DCA 1980). Although the date of maximum medical improvement was found to be December 21, 1978, after the final surgery, the order finds claimant refused that treatment on June 16, 1977, and temporary benefits were then properly denied because “there was no medical reason for the claimant not to work thereafter until June 4,1978” when surgery was performed. Farrer v. DeFonce Construction Company, 1 FCR 269 (1956), and Watson v. Merrill-Stevens Dry Dock & Repair Co. and Liberty Mutual Insurance Co., 1 FCR 355 (1956).
The order is accordingly affirmed.
McCORD, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.