389 So.2d 1214 (1980)
Bobby H. Wes Erry, Appellant,
v.
COPELAND SAUSAGE COMPANY, a Subsidiary of Schweigert Meat Company, a Subsidiary of Green Giant Company, and National Surety Corporation, Fireman's Fund Insurance Company and Travelers Insurance Company, Appellees.
No. SS-356.
District Court of Appeal of Florida, First District.
October 27, 1980.
Rehearing Denied December 1, 1980.
*1215 Stephen H. Kurvin of Sale, Bryant, Thompson & Kurvin, Panama City, for appellant.
C. Douglas Brown of Isler, Brown, Smoak & Watson, Panama City, for appellees Green Giant Co. and Travelers Ins. Co.
Jeffrey C. Bassett of Barron, Redding, Boggs, Hughes & Fite, Panama City, for appellees Copeland Sausage & Nat. Sur. Corp.
LARRY G. SMITH, Judge.
Appellant-claimant presents two issues for consideration on his appeal from an order dismissing his worker's compensation claim. He first contends that the deputy commissioner committed a factual error in finding that claimant's injuries were the result of a non-compensable accident; and secondly, that claimant's notice of injury was sufficient to satisfy the requirements of Section 440.185(a). We remand for further findings.
Unfortunately, our review is frustrated by the order's facially contradictory findings on the occurrence or nonoccurrence of a compensable accident, as pointed out by appellant. We also view the order as deficient in failing to rule on the issue of adequacy of notice of injury, although the notice to controvert, pretrial stipulation and pretrial order clearly show that this was an issue to be determined in the proceeding.
Florida Workers' Compensation Rules of Procedure (temporary 1979), Rule 14, provides:
The order of the deputy shall set forth findings of fact, conclusions of law and the deputy's determination of the claim or other ruling.
See Section 440.25(3)(c), Florida Statutes (1977).
The duty of the deputy commissioner in setting forth his findings is fully explained in Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla. 1977), requiring no further elaboration by this court. Recent decisions of the now abolished Industrial Relations Commission, and of this court, emphasize the need for careful attention to the requirements of the statute and the rule in preparation of orders. Mike Hunter Inc. v. Daniels, IRC Order 2-3346 (February 13, 1978) held it was error not to rule on the issue of notice, which was raised in the notice to controvert and the pretrial stipulation. Atlantic Cold Storage v. Hernandez, IRC Order 2-3071 (November 22, 1976), emphasized that it is incumbent upon the deputy commissioner to rule on all issues ripe for adjudication. This court remanded for clarification an order which failed to specify whether the claimant was partially or totally disabled. Sambo's Restaurant v. Horn, 381 So.2d 330 (Fla. 1st DCA 1980). And in Kennedy v. Tyson, 382 So.2d 820 (Fla. 1st DCA 1980), where the order did not clearly reveal the deputy commissioner's application of the correct law, this court determined that the order "lacks the degree of specificity necessary to enable us to determine how he arrived at his conclusion," making it necessary to reverse and remand.
The above cases are cited by way of illustration. The order here for review by no means suffers from each of the deficiencies mentioned in these cases. But it is deficient in failing to rule on the notice issue. And in regard to the occurrence of a compensable accident, paragraph 3 of the order states, as a finding of fact: "On August 18, 1977, while working with one of his salesman, Manual Bernardo, Jr., in Chiefland, Florida, he fell from the back of a refrigerated truck." Then follows what appears to be a recitation of the testimony and evidence presented, along with some conclusions of the deputy commissioner from which we gather that he disbelieved either the claimant's contention that he fell from the back of a truck while on the job, or he disbelieved that if the claimant did fall from the job he could fail to associate his subsequent pain and suffering with that *1216 accident for a period of some ten months during which he failed to mention this fall to his treating physicians. Thus we are led to conclude that the quoted sentence, and other "findings," are intended to be something else. Neither the parties nor this court should be left to speculate as to exactly what facts are determined to be true. While a summary of the evidence on a given issue might be helpful in explaining the posture of the case and the conclusions reached by the deputy, such a recitation cannot be substituted for specific findings of ultimate facts. Ball v. Mann, 75 So.2d 758 (Fla. 1954); Charlton v. Dan Brosnaham Construction Company, 108 So.2d 624 (Fla. 3rd DCA 1959).
REVERSED and REMANDED for entry of an order containing specific findings on the compensable injury issue, and findings and conclusions on the question of notice of injury.
ERVIN and SHIVERS, JJ., concur.