389 So.2d 1219 (1980)
COLONIAL and SEMORAN SHELL Service and American Home Group & New Hampshire Insurance Company, Appellants,
v.
Vaughn GRISSOM, Appellee.
No. SS-104.
District Court of Appeal of Florida, First District.
November 4, 1980.
Bernard J. Zimmerman and Jose R. Rodriguez of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Ronald J. Langa of Maher, Overchuck & Langa, Orlando, for appellee.
*1220 MILLS, Chief Judge.
The Employer/Carrier appeals from a workers' compensation order awarding 50 percent permanent partial disability. We reverse.
The relevant medical testimony was that the claimant had sustained between 10 and 15 percent permanent physical impairment of the body as a whole. Other evidence focused on a work search by claimant and his difficulties in obtaining employment because of his compensable injury. In the order, the Judge of Industrial Claims did not state whether the award was based on a finding of a permanent impairment or of loss of wage earning capacity.
If the finding was based on permanent impairment, it is erroneous because Section 440.25(3)(b), Florida Statutes (1978), which was in effect at the time of this industrial accident, prohibits the Judge from making a finding of a degree of physical impairment that is greater than the greatest permanent impairment rating given by a physician. On the other hand, if the finding was based on loss of wage earning capacity, the order is defective because there was no finding that claimant sustained any permanent anatomical impairment. Agrico Chemical Company v. Laws, 384 So.2d 722 (Fla. 1st DCA 1980). Thus, we must reverse and remand for entry of a proper order or for other proceedings consistent with this opinion.
Since the award on which attorneys fees are based must be reversed and remanded for further consideration, the attorneys fees provision must also be reversed and remanded for reconsideration.
REVERSED and REMANDED with directions.
McCORD and THOMPSON, JJ., concur.