PER CURIAM.
The employer/carrier appeal a worker’s compensation order in which the Deputy Commissioner found that as a result of the claimant’s compensable accident, he developed and was suffering from a disabling anxiety neurosis requiring further psychotherapy. Appellants contend that there was no compensable accident or trauma because claimant’s paroxysmal supraventricu-lar tachycardia was precipitated by an altercation the claimant had with his employer, and that his claim is precluded by the provisions of Section 440.02(18), Florida Statutes (1979), which excludes a “mental or nervous injury due to fright or excitement only ...” See City Ice and Fuel Division v. Smith, 56 So.2d 329 (Fla.1952), and Superior Millwork v. Gable, 89 So.2d 794 (Fla.1976). We affirm the ruling of the Deputy Commissioner.
The statute and the cases cited do not control where, as here, the claimant’s accident resulted from the trauma of heavy lifting superimposed upon a heightened emotional state. Appellants’ contention that there was no “compensable accident” is therefore without merit. We note further that in an order entered in this proceeding on December 29, 1978 the Judge of Industrial Claims specifically found the claim to be compensable, based upon claimant’s emotional reaction combined with the strenuous effort exerted in doing an unusually strenuous task, from which he developed paroxysmal supraventricular tachycardia. That order was not appealed or contested, and has therefore become final.
As for the present order, finding an anxiety neurosis causally related to the accident, the Deputy Commissioner specifically accepted the opinion of Dr. Cava over that of the other physicians, and this court is not permitted to disturb that ruling on appeal.
The claimant’s cross-appeal relates to the Deputy Commissioner’s failure to rule upon the claimant’s request for temporary disability compensation. We find no basis for the Deputy Commissioner’s determination that since the claimant was not receiving medical treatment during the claimed period of temporary disability, a ruling upon the award of temporary benefits could be reserved or postponed. Cross-appellants’ claim for temporary benefits was ripe for adjudication, and that portion of the order reserving ruling on the temporary award is reversed. See Westberry v. Copeland Sausage Company, et al, 389 So.2d 1214 (Fla. 1st DCA 1980), and cases therein cited.
Affirmed in part, reversed in part, and remanded for entry of an order awarding temporary disability benefits.
LARRY G. SMITH, J., LILES, WOODIE A., Associate Judge (Ret.), and PEARSON, TILLMAN, Associate Judge (Ret.), concur.