OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
The compensation order under review awarded temporary total disability and other benefits. While we approve the award of temporary total disability as being supported by the record, we find merit to the employer’s assertion that the deputy commissioner erred in ordering payment of certain medical and hospital bills and in ordering further medical treatment by a Dr. Baker.
Claimant injured his back in an industrial accident occurring October 6, 1977. The employer, Orlando Regional Medical Center, furnished medical care and treatment and in September, 1978, claimant was awarded two percent (2%) permanent partial disability of the body as a whole. At that time, claimant petitioned for a change of authorized physician from Dr. Gilmer to Dr. Baker. The petition was denied, and claimant continued thereafter under the care of Dr. Gilmer who from time to time rendered claimant palliative care.
On August 14,1979, claimant went to the emergency room of Orlando Regional Medical Center complaining of low back pain. The recorded history failed to list Dr. Gil-mer as claimant’s treating physician. The emergency room physician who examined claimant, having found him in no acute distress, gave him a prescription and released him to go home with instructions to return to the emergency room or to go to a Dr. Tucker (the orthopedic physician on call) if necessary. Ten days later, without securing any other authorization, claimant went to Dr. Baker (Dr. Tucker’s partner) who thereafter treated claimant, including a period of hospitalization for tests for possible disc involvement; all these tests proved negative.
The deputy commissioner found that the treatment by Dr. Baker was authorized “... in that the Orlando Regional Medical Center was the claimant’s employer.” While it is undoubtedly true that Orlando Regional Medical Center was the claimant’s employer, the import of the deputy commissioner’s finding in this respect is that it was the employer which had authorized medical attendance on the part of Dr. Baker, a finding which is not supported by the record.
Claimant’s August 14 visit to the emergency room was obviously not of an emergency nature, as shown both by the report of his examination as well as his failure to visit Dr. Baker until ten days later. Thus, this is not a true emergency situation whereby the emergency room physician would be deemed to have authority from the employer to confer authorization on another physician by reference.
The only other basis upon which the deputy commissioner could have found employer authorization for the medical care rendered by Dr. Baker would be to impute to the employer the instructions which the emergency room physician gave to claimant *209 at the time claimant was examined and released from the emergency room on August 14. The record will not support that conclusion notwithstanding the fortuitous circumstance that the physician’s employer was also the claimant’s employer. To construe the instructions which the emergency room physician gave to claimant as being authorization for treatment by Dr. Baker is tenuous indeed. More importantly, however, the record is devoid of any evidence to show that the emergency room physician had either real or apparent authority to speak for his employer in authorizing medical attendance under Section 440.13, Florida Statutes. The instruction which the emergency room physician gave claimant was nothing more than a routine reference to another physician if the patient deemed further treatment necessary. Claimant’s employer was already furnishing claimant medical attention and claimant’s request for a change of physician had been denied some ten months earlier. If a sufficient change of condition existed such as would have justified an order authorizing a change of physicians, claimant should have followed the statutory procedure. He may not circumvent it by the pretext of an emergency where no true emergency exists.
That portion of the compensation order of March 24, 1980, directing payment of bills of Dr. Baker and the hospital bill, and directing the employer to provide medical treatment and attention under the care of Dr. Baker, is reversed. That portion of the compensation order directing payment of attorney’s fees to claimant’s attorney is reversed and remanded for reconsideration in light of the decrease in benefits to be awarded claimant. Those portions of the compensation order not in conflict with the foregoing are affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
MILLS, C. J., and WENTWORTH, J., concur.