395 So.2d 258 (1981)
UNIVERSITY OF FLORIDA and Division of Risk Management, Appellants,
v.
Alice GREEN, Appellee.
No. VV-144.
District Court of Appeal of Florida, First District.
March 13, 1981.
*259 Jack A. Langdon and Anthony J. Salzman, of Jones & Langdon, Gainesville, for appellants.
G.B. Wilson, II, Gainesville, for appellee.
PER CURIAM.
Alice Green suffered a compensable accident on March 28, 1977, when she negotiated a move through her office between two desks placed close together. On January 11, 1971, while working in a bakery, she had received a compensable injury and had continued over this period of time to suffer pain to her left shoulder and neck, which caused her severe, persistent headaches. Testimony of the doctor who treated her for both the January, 1971, accident and the March, 1977, accident was that she suffered scoliosis of the spine, which is a disease found primarily in young teenagers. It is congenital and continuous.
Subsequent to the hearing, the Deputy Commissioner entered his order finding, among other things, that the Claimant had reached maximum medical improvement on May 17, 1979, and that Claimant was entitled to total disability compensation, and awarded her attorney a reasonable attorney's fee. Appellants, University of Florida and Division of Risk Management, urge reversal by this Court in that "the Deputy Commissioner erred in finding that Claimant was permanently and totally disabled as a result of the accident of March 28, 1977, as there is no competent substantial evidence or sufficient findings to support the award of such disability related solely to the accident of March 28, 1977." Appellants also rely on and urge reversal in that "the Deputy Commissioner erred in finding the Claimant to be permanently and totally disabled," and, of course, question the attorney's fee and costs.
We think the question could be more succinctly stated and that Points I and II are overlapping. In any event, the Deputy Commissioner made no finding of fact regarding the question of whether there was a merger of the congenital scoliosis, the 1971 accident, or the 1977 accident. He simply states in his order that he finds the Claimant to be permanently and totally disabled. He does not say, at least in his order, on what he bases that disability. He does not say that it is a result of the March 28, 1977, accident or any other accident, although he does find that the accident is compensable and that the Claimant was injured as a result of her employment on March 28, 1977. We have no quarrel with that phase of the order. However, both this Court and its predecessor, the Industrial Relations Commission, have repeatedly held that the deputy commissioner's order "... shall set forth findings of fact, conclusions of law, and the deputy's determination of the claim or other rulings." Westberry v. Copeland Sausage Company, 389 So.2d 1214, 1215 (Fla. 1st DCA 1980); Fla.W.C.R.P. 14; § 440.25(3)(c), Fla. Stat. (1977). The duty of the deputy commissioner in this regard is fully explained in Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla. 1977), and in Kennedy v. Tyson, 382 So.2d 820 (Fla. 1st DCA 1980), wherein Judge Shaw stated:
The order lacks the degree of specificity necessary to enable us to determine how he arrived at his conclusions and we find it necessary to reverse and remand with directions that the judge reconsider his order in light of this opinion. Id., at 821.
That is what we must do in this case.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
LARRY G. SMITH and McCORD, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.