ERVIN, Judge,
concurring in part and dissenting in part.
I concur with the majority’s view that the deputy erred in finding that the claimant was not PPD to the body as a whole. As Judge Wentworth noted in her specially concurring opinion in Jones v. Plantation Foods, 388 So.2d 590, 592 (Fla. 1st DCA 1980), the amendments in Chapters 78-300, 79 — 40 and 79-312, Laws of Florida, to Section 440.25(3)(b) have modified the rule in Magic City Bottle & Supply Co. v. Robinson, 116 So.2d 240 (Fla.1959). Yet, Section 440.-25(3)(b) has not completely overruled Magic City. See Kennedy v. Tyson, 382 So.2d 820 (Fla. 1st DCA 1980). The result is that Magic City is modified as follows: If a disability rating is based solely on an anatomical basis, Section 440.25(3)(b) controls completely, i. e., the deputy commissioner may not arrive at a higher disability rating than the highest impairment rating given by a physician at the hearing. See Colonial and Semoran Shell Service v. Grisson, 389 So.2d 1219 (Fla. 1st DCA 1980). However, if permanent disability is arrived at by employing the wage-loss method, there is a threshold requirement that a permanent anatomical impairment be established. As to this threshold requirement, Section 440.-25(3)(b) again controls completely, but, once the threshold requirement is established, the deputy may consider other evidence, such as lay testimony, including the claimant’s as well as demonstrative evidence. See Kennedy v. Tyson, supra; Colonial and Semoran Shell Service v. Grisson, supra. This interpretation should apply to the theory of recovery established in Kashin v. Food Fair, Inc., 97 So.2d 607 (Fla.1957), and advanced here. That is, the threshold requirement of permanent anatomical impairment should apply to a finding of permanent disability to the body as a whole. Here, such a finding was impossible because there was no medical testimony to support it.
The problem I have with the majority opinion, however, is that although no physician testified that the claimant was permanently disabled to the body as a whole, Dr. Shea acknowledged that the claimant had a temporary back problem which would no longer affect appellee once he stopped limping. Yet, at the time of the final hearing, appellee’s limp continued, and the majority has sustained the physician’s opinion which rates the knee 15% permanently partially impaired. Thus, I am left with the question, in view of Dr. Shea’s testimony, as to whether the claimant had in fact reached MMI and whether he remained temporarily disabled at the time of the hearing. Cf. *1041 Eques v. Best Knit Textile Corp., 382 So.2d 736 (Fla. 1st DCA 1980). Therefore, I feel that the majority’s opinion which limits the claimant to PPD on the scheduled injury is premature.
Although the parties stipulated that the claimant had already reached MMI before the hearing, the deputy commissioner is not bound by a stipulation which is at variance with the facts before him, so that he may, under such circumstances, disregard the stipulation. See Delta Drilling Co., Inc. v. Wells, IRC Order 2-3708 (February 22, 1979). Thus, if appellee’s gait proves to be permanently affected by the knee injury, the stipulation of the parties as to MMI could no doubt be discountenanced.
In conclusion, I would remand in order for the deputy to make further findings as to whether the claimant has as yet reached MMI to the body as a whole. If it were determined that claimant is either temporarily totally or partially disabled, then the deputy should be permitted to enter an order which is consistent with such facts.