SHIVERS, Judge.
Employer/Carrier appeal from a workers’ compensation order awarding claimant temporary total disability benefits, 12% permanent partial disability benefits based upon a loss of wage-earning capacity, payment of hospital and medical bills, and the right to reasonable attorney’s fees and costs. We affirm in part and reverse in part.
Claimant suffered a compensable industrial injury to her back on June 14, 1978, October 17, 1978, and January 10, 1979, while working for the employer. On January 23, 1979, Dr. Gresham diagnosed claimant’s condition as post-dural low back ache with recurrent strain. The claimant continued to work for the employer through April 29, 1979, when the pain in her back became so severe she went to the hospital emergency room. Dr. Van Ore, claimant’s family physician, hospitalized the claimant on May 2, 1979, through May 7, 1979, diagnosing her condition as an acute lumbo-sacral sprain.
On May 10,1979, the employer discharged the claimant because her sick leave had *1290 expired and she had not returned to work. Between May 1979 and October 1979, claimant remained unemployed. She testified that she applied for various jobs through the newspaper, employment office, and the City and County Governments without success. She received unemployment benefits from July 7,1979, through October 27,1979. As part of claimant’s unemployment compensation application, Dr. Van Ore certified that claimant was unable to work between May 4, 1979, and July 5, 1979, and was presently restricted to performing only light work.
On October 23, 1979, Dr. Zilioli examined the claimant, suspected she had a “possible herniated disc” and recommended a myelo-gram which was never performed. He testified that the claimant was capable of performing light work between April and October 1979. He discharged the claimant on November 13, 1979.
The deputy commissioner awarded claimant temporary total disability benefits from April 29, 1979, to October 27, 1979, with an unemployment compensation setoff to the employer/carrier, 12% permanent partial disability benefits based upon a loss of wage-earning capacity, payment of hospital and medical bills, and the right to reasonable attorney’s fees and costs.
There is competent, substantial evidence to support the award of temporary total disability from April 29, 1979, through July 5,1979, based upon claimant’s hospitalization until May 7, her testimony of continuous pain and inability to work, and Dr. Van Ore’s certification to the unemployment compensation office that claimant was unable to work from May 4 through July 5, 1979. However, there is insufficient evidence of temporary total disability from July 5 to October 27, 1979. Dr. Zilioli testified that the claimant was capable of many light work activities during this time period and neither Dr. Van Ore’s medical records nor any of the remaining testimony or evidence indicated that the claimant was unable to work after July 5, 1979. On her application for unemployment compensation the claimant indicated she was capable of performing light work and she even testified she was willing to work and thought there was something she could do. When asked about her unsuccessful job search, claimant replied there were no openings at the various places she applied for a job, indicating she could not find a job due to the unavailability of work rather than due to any disability. Where there is no medical evidence to support a finding the claimant is unable to work as a result of the accident, he or she must make an adequate work search or a conscientious effort to return to work in order to establish an inability to work. Tallahassee Coca Cola Bottling Company v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981). Therefore, the award of temporary total disability benefits from April 29, 1979, to July 5, 1979, is affirmed and the award of temporary total disability from July 5, 1979, to October 27, 1979, is reversed.
The award of 12% permanent partial disability benefits due to loss of wage-earning capacity must be reversed because there was no medical testimony that claimant sustained an anatomical impairment and no finding of a permanent anatomical impairment, which is a prerequisite to a compensation award based upon wage-earning capacity loss. Krispy Kreme Doughnut Co. v. Pipkins, 389 So.2d 1243 (Fla. 1st DCA 1980); Colonial and Semoran Shell Service v. Grissom, 389 So.2d 1219 (Fla. 1st DCA 1980); Agrico Chemical v. Laws, 384 So.2d 722 (Fla. 1st DCA 1980); Section 440.25(3)(b), Florida Statutes (1978).
The award of hospital and medical bills incurred by claimant as a result of her hospitalization pursuant to Dr. Van Ore’s instructions must also be reversed. Dr. Van Ore was not authorized by the carrier and the award of the hospital bill and attending physicians’ bill cannot be supported on the basis of an emergency situation. See, Orlando Regional Medical Center v. Johnson, 394 So.2d 207 (Fla. 1st DCA 1981); Sunland Training Center v. Brown, 396 So.2d 278 (Fla. 1st DCA 1981). The evidence shows that claimant went to the emergency room in the early morning hours *1291 of April 29, 1979, and was advised by emergency room personnel to see her family physician, Dr. Van Ore. She was not admitted to the hospital until May 2,1979, for “observation and evaluation.”
Finally, since the claimant’s attorney has rendered a valuable service to the claimant by securing the award of temporary total disability benefits, claimant’s attorney is entitled to a reasonable attorney’s fee and reimbursement of taxable costs.
AFFIRMED in part and REVERSED in part.
ROBERT P. SMITH, Jr., C. J., and MILLS, J., concur.