415 So.2d 837 (1982)
LAYNE ATLANTIC COMPANY and Wausau Insurance Companies, Appellants,
v.
Allen Eugene SCOTT, Appellee.
No. AH-151.
District Court of Appeal of Florida, First District.
June 23, 1982.
*838 Richard A. Weisberg, of Cooper & Rissman, Orlando, for appellants.
Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellee.
WIGGINTON, Judge.
In this workers' compensation appeal, the employer/carrier contend that the value of out of town vehicle and motel expenses should not have been considered by the deputy commissioner when computing the claimant's average weekly wage and the concomitant compensation rate. The appellants also argue that the deputy erred in awarding Scott an attorney's fee pursuant to Section 440.34(2)(b), Florida Statutes (1979). We agree in part.
The term "wages" is defined by statute as "the reasonable value of board, rent, housing, lodging or similar advantage received from the employer." § 440.02(12), Fla. Stat. (1979). By decisional authority, this definition has been said to encompass employee benefits such as work uniforms,[1] child care and meals,[2] and the employer's contributions to medical insurance[3] and vested pension plans.[4] In each of these circumstances, the employer-provided benefits represented a real and reasonably definite economic gain to the employee. See 82 Am.Jur.2d, Workmen's Compensation §§ 371, 372. The employer expenses presented in this case, however, do not fall entirely within the contemplation of the statute.
We must not lose sight of the reason for determining average weekly wage, which is to eventually measure the economic loss a worker experiences when he suffers "loss of wage earning capacity" or "wage loss" as those terms of art are statutorily defined. If an employer stops helping an employee meet his personal expenses, the employee has suffered an economic loss. Obviously this occurs when the employee loses his job and paycheck; more subtly, it may occur when an employer no longer provides clothing worn at work. However, if an employer no longer makes certain expense payments because the employee no longer incurs those expenses, the employee has suffered no economic loss.
*839 In short, we cannot construe the term "wages" to include a make-whole reimbursement for uniquely work-related expenses that are created by and within the employment. See Moorehead v. Industrial Commission of Arizona, 17 Ariz. App. 96, 495 P.2d 866 (1972).
Here, because the away-from-home motel expense was solely a creature of the job, Scott, who is no longer employed by Layne Atlantic Company and no longer must bear this extraordinary expense, has suffered no economic loss based on his failure to receive such reimbursement now. Consequently, the deputy should not have added this value to Scott's average weekly wage.
Similarly, the vehicle provided Scott appears to have been a solely work-created and work-related expense; however, the record is not conclusive. It is a relatively simple matter to identify such items as meals, uniforms and insurance or pensions and conclude that they satisfy independent personal needs for food, clothing and protection from calamity, thereby qualifying as "wages." Conversely, it is readily apparent that a dollar-for-dollar reimbursement for an away-from-home motel room satisfies a need that would not exist but for the idiosyncrasies of work, so it cannot be considered as "wages." However, benefits derived from an employer-provided vehicle cannot be so neatly categorized; this raises a question of fact that must be resolved by the deputy commissioner.
If it is reasonably possible to identify items or expenses of independent personal benefit, then the deputy must do so and include the value of such personal benefit as part of the average weekly wage. A deputy has wide fact-finding latitude in this regard, and his valuation will not be disturbed if it is reasonably supported by the record. On remand, the deputy is directed to ascertain, if reasonably possible, the personal benefit Scott derived from his use of the vehicle. This value should then be included in his average weekly wage. Cf. Florida Highway Patrol Auxilliary v. Long, IRC Order 2-3825 (May 25, 1979).
Our opinion today is not inconsistent with the recent decision of another panel of this Court in Viking Sprinkler Company, et al. v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982), where a $90 weekly expense allowance was found to be includable in the average weekly wage. There, the uniformity and regularity of the expense payments coupled with the employee's broad discretionary ability in putting the money to use was sufficient evidence from which the deputy could conclude that the allowance was not a bona fide make-whole reimbursement and that the employee had received independent personal benefit.
We reject the carrier's argument in its second point on appeal that the deputy erred in awarding an attorney's fee upon a finding that the carrier had demonstrated bad faith in its handling of the claimant's catastrophic disability benefits. See § 440.34(2)(b) (1979). Arguably, the carrier's passive failure to investigate the extent of the claimant's residual disability and its related failure to promptly pay appropriate catastrophic disability benefits demonstrates bad faith. Arguably it does not. Therefore, we affirm the deputy's decision. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981).
However, we agree with the carrier that it was improper for the deputy to compute the amount of the fee by considering hours the claimant's attorney spent in prosecuting the fee. Florida Power Corporation v. Baker, 410 So.2d 179 (Fla. 1st DCA 1982). On remand, the fee should be computed and awarded without considering these hours.
This cause is reversed and remanded with instruction that the deputy commissioner redetermine the claimant's average weekly wage and the amount of his attorney's fee in accordance with this opinion.
BOOTH and WENTWORTH, JJ., concur.
NOTES
[1] Torres v. Eden Roc Hotel, 238 So.2d 639 (Fla. 1970).
[2] Jess Parrish Memorial Hospital, et al. v. Ansell, 390 So.2d 1201 (Fla. 1st DCA 1980).
[3] Agrico Chemical Co., et al. v. Laws, 384 So.2d 722 (Fla. 1st DCA 1980).
[4] City of St. Petersburg, et al. v. Johnson, IRC Order 2-3483 (July 21, 1978), cert. denied, 368 So.2d 1364 (Fla. 1979).