PER CURIAM.
This employer/carriers’ appeal from a workers’ compensation wage loss award presents basically straight-forward factual issues regarding (1) whether the claimant was justified in leaving a job found for him through job placement assistance provided by the E/C, and (2) the adequacy of claimant’s efforts to secure other employment. We find that the deputy commissioner’s rulings on these issues were fully supported by competent substantial evidence, and we therefore affirm.
The E/C’s disappointment over the outcome of their reemployment efforts here is understandable. The fact is that, without any fault on the part of the E/C, a job was obtained for this well-motivated claimant that was beyond his physical capabilities. Even the manager of the security guard service who agreed to hire claimant stated that if he had known of claimant’s extensive limitations he would not have been given a job; and further, even if claimant had asked for a transfer to another position, he would not have had one suitable for him.
Finally, we concede that the deputy commissioner’s roughly two-page order may be *935 considered rather sparse by ordinary standards. However, because this appeal essentially is a request for this court to re-weigh the evidence, which we will not do, review has not been impeded. See, Gomez v. Jack Steinberg Neckwear, 424 So.2d 106 (Fla. 1st DCA 1982), en banc opinion filed December 22, 1982; Cf. Westberry v. Copeland Sausage Company, 389 So.2d 1214 (Fla. 1st DCA 1980); Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA 1980).
AFFIRMED.
LARRY G. SMITH, SHAW and JOA-NOS, JJ., concur.