WIGGINTON, Judge.
Claimant appeals that portion of the deputy commissioner’s order finding his average weekly wage to be $350. During the hearing, on the question of wages, claimant testified that his weekly salary was $350, but that he also received weekly, $30 as a personal expense allowance; $167 as an allowance toward use of a company vehicle; $50 as allowance for gas; and $10 contributed by the employer toward claimant’s life and health insurance, thus increasing his average weekly salary to $607.
Although during the hearing the employer/carrier argued that the correct average weekly wage was $350, on appeal they concede that the $10 contributed toward claimant’s life and health insurance should have been included. We agree. See Layne Atlantic Co. v. Scott, 415 So.2d 837 (Fla. 1st DCA 1982).
However, we also agree with the employer/carrier and with the deputy commissioner that claimant has failed to meet his burden to show that the personal expense, gas and car allowances satisfied his independent personal needs, thereby qualifying as “wages.” Rather, those allowances are more properly construed as “make-whole reimbursement[s] for uniquely work-related expenses ...” Layne, 415 So.2d at 839.
In so holding, we have not overlooked our opinion in Viking Sprinkler Company, et al. v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982). As noted in Layne, there “the uniformity and regularity of the expense payments coupled with the employee’s broad discretionary ability in putting the money to use was sufficient evidence from which the deputy could conclude that the allowance was not a bona fide make-whole reimbursement ...” 415 So.2d at 839. No such evidence was introduced by the claimant here.
Accordingly, the deputy’s order is affirmed in part, reversed in part and remanded with instructions to recompute claimant’s average weekly wage to include the $10 contribution to his life and health insurance.
BOOTH and NIMMONS, JJ., concur.