496 So.2d 967 (1986)
Jose PEREZ, Appellant,
v.
TROPICANA PRODUCTS, INC., Appellee.
No. BK-355.
District Court of Appeal of Florida, First District.
October 31, 1986.
Kathleen R. Hudson, St. Petersburg, for appellant.
Elizabeth M. Stanaland of Marlow, Shofi, Smith, Hennen & Smith, Tampa, for appellee.
*968 MILLS, Judge.
Jose Perez appeals from an order of the deputy commissioner denying his claim for temporary benefits on the ground that Perez had not suffered an industrial accident. We affirm.
Perez suffered an injury to his lower back in February 1979. The parties stipulated that the last worker's compensation benefits for this injury were paid, and the last medical treatment therefor provided, in October 1979. On 17 August 1981, Perez' back was bothering him when he arrived at work and gradually worsened throughout the day so that he finally reported to the company nurse, who noted Perez' comment that "he hurt his back lifting bottles." He was sent to the hospital emergency room, whose records note "back pain onset while working." No notice of injury was filed nor did Perez receive any benefits. He returned to work, where he remained until 22 March 1982. He has not worked since that time.
Perez filed his first "claim for benefits" relative to the 1979 injury in April 1982; the claim was amended in September 1983 to state a claim for permanent total disability benefits and again in September 1984 requesting temporary benefits from 22 March 1982 forward. The E/C controverted the claim, relying on the statute of limitations. In a deposition taken before the scheduled hearing, Perez testified that he had had an accident in 1979 and reiterated that he had suffered one accident only.
Before the hearing could be held, in February 1985, Perez filed a claim for benefits relating to an accident allegedly occurring on 17 August 1981, requesting temporary benefits from 22 March 1982 and continuing. In a second deposition taken after this claim, Perez testified contrary to his first deposition that two accidents had occurred. However, he also stated that his pain was present before work on 17 August 1981, that it worsened gradually during the day, not suddenly following a particular incident, and that he had told the treating physician about the 1979 accident only, which he classified as "the cause of my pain." He testified further that he had filed no claim for any 1981 accident because "he didn't consider it an accident, the illness was from my first accident."
After a hearing on Perez' claims, the D/C entered an order finding that the claim for the 1979 accident was barred by the statute of limitations; this holding is not challenged on appeal. With regard to the 1981 "accident," the D/C stated that, based on Perez' testimony at the hearing and in his prior depositions, no accident had occurred on the date alleged.
As grounds for reversal of this order, Perez argues first that the D/C erred in failing to consider evidence contradicting his ultimate conclusion, namely, the notes of the company nurse and the hospital indicating an on-the-job injury. He further alleges that the order contains insufficient findings of fact to demonstrate how the D/C arrived at his conclusion.
The D/C need make only such findings of ultimate material fact as are sufficient to show the basis for the denial of a claim; a long verbose explanation for such findings is not required. Pierce v. Piper Aircraft Corp., 279 So.2d 281 (Fla. 1973). More recent cases have reiterated the requirement that an order needs only the degree of specificity necessary to enable the court to determine how the D/C arrived at his conclusion. University of Florida v. Green, 395 So.2d 258, 259 (Fla. 1st DCA 1981); Evans v. Orlando Work Force, 449 So.2d 992 (Fla. 1st DCA 1984).
In this case, the order contains the statement that "[i]t was ... apparent from the claimant's testimony at the final hearing and his prior deposition testimony that there was no industrial accident on August 17, 1981." It is true that the details of that testimony are not spelled out, and that it is not this court's function to search the record for any support of an order and affirm if found. Mobley v. Fulford Van & Storage, 390 So.2d 426, 428 (Fla. 1st DCA 1980). However, by his reference to the portions of the record on which he relied, the D/C herein provided "the degree of *969 specificity necessary" for this court to determine how he arrived at his conclusion that no accident occurred. Green.
A cursory review of the referenced testimony reveals that Perez has consistently maintained that his back trouble stemmed from one accident, that occurring in 1979. On 17 August 1981, before going to the hospital, Perez told his supervisor that his back had hurt since 1979. He related no second accident to the doctor who treated him after 17 August, and in fact represented to him that the 1979 accident was the cause of his pain. Similar testimony was given in both of Perez' depositions. The conflicting evidence relied on by Perez was simply his own statements as recorded in 1981. The D/C's acceptance of the more recent statements was an implicit rejection of that conflicting evidence. See Glades County Sugar Growers v. Gonzales, 388 So.2d 333 (Fla. 1st DCA 1980).
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.