SHIVERS, Chief Judge.
The employer/carrier (E/C) in this workers’ compensation case appeal an order of the Judge of Compensation Claims (JCC) adjusting the claimant’s average weekly wage (AWW) to include a weekly mileage allowance paid by the employer. We reverse the JCC’s order for the reasons stated below.
The record on appeal indicates that the claimant, Retha Davis, was injured in a compensable accident occurring on July 14, 1986, while employed as a commissioned sales representative with Sears Commercial Sales. As a sales representative, Davis was employed to sell Sears appliances to builders and contractors within a sales territory consisting of Palm Beach County. Claimant used her own automobile to make her sales contacts and was paid, in addition to base salary and commissions, a monthly allowance check in the amount of twenty cents per mile.
The sole dispute at the 1989 merits hearing was whether the monthly allowance check (stipulated by the parties to average $105.85 per week) should be included in her AWW. At the hearing, claimant testified that her monthly auto payments were $250, that she spent approximately $60-90 per month on gas and oil, approximately $35 per year on her auto tag, and $505 per year on insurance. She also stated that she had spent approximately $40 on maintenance since she purchased her last automobile. Based solely on her $250 per month auto payment, the claimant concluded that she recognized a “profit” of approximately ten cents per mile on her allowance check. After consideration of claimant’s testimony, the JCC concluded that the allowance check did constitute “wages” as defined in section 440.02(21), Florida Statutes, and that the amount of the check “far exceeded” her monthly auto expenses. The E/C were ordered to adjust claimant’s AWW to in- *239 elude the full stipulated amount of the allowance check.
The term “wages” is defined in section 440.02(21), Florida Statutes (Supp.1986)[1] as follows:
“Wages” means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer, and gratuities received in the course of employment from others than the employer, only when such gratuities are received with the knowledge of the employer. In employment in which an employee receives consideration other than cash as a portion of his compensation, the value of such compensation shall be subject to the determination of the deputy commissioner.
At first glance, the allowance check in the instant case might appear to fall within the category of “board, rent, housing, lodging, or similar advantages.” However, the case law has interpreted this language to encompass only such items as constitute a “real and reasonably definite economic gain to the employee.” Layne Atlantic Co. v. Scott, 415 So.2d 837, 838 (Fla. 1st DCA 1982). On the other hand, where an expense allowance constitutes a make-whole reimbursement for work-related expenses created solely by the employment, it does not constitute a portion of the employee’s wages.
In the instant case, the claimant argued and the JCC agreed that the twenty cents per mile allowance paid by Sears provided her with a personal benefit over and above her work-related expenses and, consequently, constituted wages rather than a make-whole reimbursement. In so concluding, however, the JCC failed to take into account all of the work-related costs involved in the operation of claimant’s automobile. As a result, the evidence did not support the JCC’s conclusion that the allowance check “far exceeded her expenses necessary for her to operate her motor vehicle.” We therefore reverse the JCC’s upward adjustment of claimant’s AWW to include the monthly allowance check. In addition, we hold that employer-provided allowances for travel costs are not to be included as part of a claimant’s wages unless the parties clearly intended the allowance to provide an independent personal benefit in excess of actual costs. The evidence in the instant case does not support such a conclusion.
Accordingly, the order adjusting claimant’s AWW to include the stipulated amount of her monthly allowance checks is hereby reversed.
JOANOS and ZEHMER, JJ., concur.

. The definition of "wages" was amended in 1987 to read as follows:
“Wages” means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, together with the reasonable value of board, rent, housing, lodging; employer contributions for uniforms or cleaning allowances; employer contributions for life, health, accident, or disability insurance for the employee or dependents, excluding social security benefits; contributions to pension plans to the extent that the employee’s rights have vested; any other consideration received from the employer that is considered income under the Internal Revenue Code in effect on January 1, 1987; and gratuities received in the course of employment from others than the employer, only when such gratuities are received with the knowledge of the employer. In employment in which an employee receives consideration other than cash as a portion of this compensation, the reasonable value of such compensation shall be the actual cost to the employer.
The 1987 amendment, however, constituted a substantive change in the preexisting statutory language and, for that reason, may not be applied retroactively to the 1986 accident involved in the instant case. City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984). See Anello v. Friendship Village Convalescent Home, 546 So.2d 1119 (Fla. 1st DCA 1989).