WIGGINTON, Judge.
Consolidated Freightways appeals the order of the judge of compensation claims increasing claimant’s average weekly wage to include group benefits, reimbursement for mileage, temporary living expenses, and moving expenses. It argues that the judge erred in including reimbursement for mileage, temporary living expenses, and moving expenses. We agree and reverse.
During the 13-week period preceding the industrial accident, claimant received an $85 mileage reimbursement for his move from Atlanta to the employer’s office in Orlando occasioned by Consolidated Freightways’ major layoff in Atlanta. On claimant’s behalf, Consolidated Freight-ways also expended $2,574.72 for moving expenses and for temporary living expenses for him to reside at an .Orlando motel for 60 days or until he could find a permanent residence. No money was paid directly to claimant but all sums were paid to a third party. Nonetheless, claimant was sent a W-2 statement reflecting the sum of $2,574.72, as required by federal law. Claimant in turn deducted these sums from his gross income.
The controlling rule of law applicable in this case is set forth in Layne Atlantic Company v. Scott, 415 So.2d 837 (Fla. 1st DCA 1982). In Layne, we declined to “construe the term ‘wages’ to include a make-whole reimbursement for uniquely work-related expenses that are created by and within the employment.” 415 So.2d at 839. As was true in Layne, here “it is readily apparent that a dollar-for-dollar reimbursement for an away-from-home motel room satisfies a need that would not exist but for the idiosyncrasies of work, so it cannot be considered as ‘wages’.” Id.
We are not concerned here by the fact that the sum of $2,574.72 was reported to the Internal Revenue Service by the employer and claimant. The 1987 amendment to section 440.02(21) includes in the definition of “wages” “any other consideration received from the employer that is considered income under the Internal Revenue Code in effect on January 1, 1987.” In Sears Commercial Sales v. Davis, 559 So.2d 237 (Fla. 1st DCA 1990), we held that the 1987 amendment constituted a substantive change in the preexisting statutory language and may not be applied retroactively to accidents occurring on an earlier date.
Thus, for the foregoing reasons, the order finding claimant’s average weekly wage to be $756.52 by virtue of the inclusion of $84 for mileage reimbursement and $2,574.72 for living expenses and moving expenses is REVERSED. The cause is REMANDED for correction of the average *1348 weekly wage in a manner consistent with this opinion.
SMITH and WENTWORTH, JJ., concur.