VIOLA MAE KEIR and ANNA A. CRAMER v. STATE OF FLORIDA

11 So. (2nd) 886                                        January Term, 1943
February 12, 1943                                            Division B

R. G. *Tittsworth,* for appellants.

J. *Tom Watson,* Attorney General, *Woodrow M. Melvin* and *John C. Wynn,* Assistant Attorneys General, for appellee.

SEBRING, J.:

Viola Mae Keir and Anne A. Cramer were convicted of perjury. They are charged with giving false testimony in a divorce suit, to the effect that Viola Mae Keir had been a continuous, bona fide resident of the State of Florida since June 12, 1942. The divorce suit referred to was insisted in the Circuit Court of Hillsborough County on September 18,

1942. Viola Mae Keir was plaintiff in that suit and Alexander Keir, her husband, was defendant.

A certified copy of the court record was a part of the evidence in the perjury trial. The bill of complaint alleged that Viola Mae Keir was a resident and citizen of the State of Florida and had been such resident for more than 90 days continuously preceding and prior to the filing of suit. Alexander Keir answered, admitting the residence as alleged. At the trial of the divorce suit, on September 29, 1942, Viola Mae Keir and Anna A. Cramer testified under oath to the statements attributed to them in the criminal charge.

The principal questions raised by Anna A. Cramer on her appeal concern the sufficiency of the evidence to support the judgment, and the propriety of admitting an extrajudicial confession in evidence against her. Viola Mae Keir raises the same questions; and also the question whether certain letters admitted at the trial should not have been excluded, as privileged communications.

The testimony is meagre. Mrs. Rufus Riggsbee testified for the prosecution that on June 12, 1942, she had rented some rooms in her home at Tampa, Florida, to Anna A. Cramer. Mrs. Cramer took possession and moved in immediately thereafter. Viola Mae Keir came to live with Mrs. Cramer at the residence about September 1, 1942. Mrs. Keir told Mrs. Riggsbee that she was from New Jersey; although she did not say that she had come directly from there.

This is all of the pertinent evidence against Mrs. Cramer, with the exception of an extra judicial confession made by her to the arresting officer shortly after she had been taken into custody on the perjury charge.

In addition to the court record, and Mrs. Riggsbee's testimony, the only testimony against Viola Mae Keir was an extra judicial confession made by her to the arresting officer at the same time that Mrs. Cramer's confession was made; and the testimony of Mr. C. J. Hardee, a Tampa attorney, who identified, and testified about, certain letters exchanged between him and Mrs. Keir, prior to the time that she began her divorce suit in Hillsborough County.

The letters from Mrs. Keir to Mr. Hardee were all post-

marked, "Maple Shade, New Jersey," and were mailed from that place during the month of July, 1942. One of the letters stated that she was a resident of New Jersey, and had been such a resident for the past twenty years. From the correspondence, it appeared that she was considering coming to Florida to institute a divorce suit against her husband. Mr. Hardee had been recommended to her as an attorney. She would give him the case to handle, if he did not ask too much for his professional services. Such fee as was paid, would have to be taken care of by her out of her own funds. How much would the fee be? What grounds for divorce were recognized in Florida? How long would she be required to live in Florida before she could lawfully institute suit? Such was the gist of her letters.

Mr. Hardee promptly answered, giving full and correct information concerning residence requirements and recognized grounds for divorce in Florida. A minimum attorney's fee was named, with the suggestion that the matter of fee would be gone into more fully upon Mrs. Keir's arrival in Florida.

Mr. Hardee heard nothing further from Mrs. Keir after this exchange of letters. He considered the letters as inquiries from someone who wanted to employ him as an attorney. He never saw, or knew, the person who wrote the letters. He was never employed by her.

On September 18, 1942, Viola Mae Keir instituted suit for divorce in the Circuit Court of Hillsborough County, Florida, through another attorney.

Over objection of defendants' counsel, the letters were allowed to come in as evidence against Viola Mae Keir, *but not as evidence against Anna A. Cramer;* the trial judge instructing the jury that they were not to consider the letters as evidence against the latter defendant. The ground of objection to the reception of the letters, and to the testimony of Mr. Hardee concerning them, was that they were privileged communications between attorney and client.

On the evidence submitted, the jury found both defendants guilty of perjury, as charged. Motion for new trial was denied. Judgment was entered.

In order to sustain a conviction for perjury, not only must

the substance of the alleged false testimony be proven; but it must also be proven that such testimony was material to the issue upon which the trial was had, that it was in fact false testimony, and that the accused knew of its falsity and wilfully and with deliberation swore to it as true. Miller v. State, 15 Fla. 577; 41 Am. Jur. 7; 48 C.J. 828. Moreover, the falsity of the material matter sworn to must be proved by the oaths of two witnesses, or by the oath of one witness and other independent and corroborating circumstances which are of equal weight with the testimony of another witness. Yarbrough v. State, 79 Fla. 256, 83 So. 873; Tindall v. State, 99 Fla. 1132, 128 So. 494.

Such proof has not been offered, as against Anna A. Cramer. The statement made by her at the divorce trial is proven. Her testimony was material to the issue upon which the trial was had, as it was to a jurisdictional fact without proof of which the divorce proceeding was not maintainable. But there is no evidence in the record that the statement made by Mrs. Cramer was false, or was known to her to be false; unless the extrajudicial confession made to the arresting officer can come in as proof of that fact.

A conviction cannot be upheld upon a naked confession alone, without additional proof of the corpus delicti. Parrish v. State, 90 Fla. 25, 105 So. 130. Indeed, such confession should not be received in evidence at all, unless there is at least some prima facie proof of the corpus delicti. Holland v. State, 39 Fla. 178, 22 So. 298; Smith v. State, 93 Fla. 238, 112 So. 70.

Mrs. Riggsbee's testimony does not supply that proof. And if it is not found there, it is nowhere in the record. All that Mrs. Riggsbee knew about the matter was that Viola Mae Keir had come to live with Mrs. Cramer at Tampa in September, 1942. It does not follow from this, that Mrs. Keir may not have resided elsewhere in Florida (or in Tampa for that matter) for a sufficient length of time prior to the time she came to the Riggsbee residence to have lawfully entitled her to maintain her suit for divorce in Hillsborough County.

394

The judgment against Anna A. Cramer must fall, therefore, because there is insufficient evidence to support it.

The judgment against Viola Mae Keir must be disposed of in the same manner, if the letters exchanged between her and Mr. Hardee are privileged communications, and inadmissible in evidence.

At common law, an attorney could not be compelled to divulge any communications made to him by a client; nor would he be allowed to disclose any advice given by him in the course of his professional emlpoyment, without the consent of his client. Wigmore on Evidence 3rd Ed., Secs. 2290-2295. That rule is recognized in this jurisdiction. See Code of Ethics, Rule B, Sec. 1, par. 37, adopted by the Supreme Court of Florida, January 27, 1941.

Generally speaking, the relation of attorney and client must exist in order for such communications to be privileged. However, communications made by a person to an attorney with the view to employing him professionally fall within the rule, although the attorney is not subsequently employed. 28 R.C.L. 556; 70 C.J. 406; Whart. Crim. Ev. 11th Ed. Sec. 1229.

We think that the letters between Mrs. Keir and Mr. Hardee come within the rule, and that they should have been excluded as privileged communications. Without them there is no basis for the admission of the extra judicial confession.

For the reasons stated, the judgments against Viola Mae Keir, and Anna A. Cramer, must be reversed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.