NATHAN, Judge.
This is a consolidation of three appeals growing out of a suit for specific performance of a real estate transaction in which Sam Dionise entered into a purchase and sale contract with Gladys Molne in connection with certain real property. The complaint alleged that the real estate broker in the transaction was the Keyes Company, by and through its employees, Mr. and Mrs. Alfonso, also real estate brokers.
Specific performance having been denied by the trial court because of a forgery of Mrs. Molne’s signature, suits were brought by Dionise against the Keyes Company and the Alfonsos for compensatory and punitive damages. Mrs. Molne also brought suit against the Alfonsos for compensatory and punitive damages. The trial court granted a motion to dismiss the complaint against the Keyes Company from which order Dionise appeals. Dionise obtained a jury verdict against the Alfonsos for punitive and compensatory damages caused by the forgery, in the sum of $41,689 compensatory and $10,000 punitive damages on which verdict the trial court entered a re-mittitur reducing Dionise’s recovery to $16,000, which judgment Dionise also appeals. Mrs. Molne obtained a judgment by jury verdict against the Alfonsos in the sum of $6,017 compensatory and $10,000 punitive for damages caused by the forgery.
Dionise contends that the trial court erred in dismissing his complaint against the Keyes Company as the complaint stated a cause of action and further that the trial court erred in dismissing it with prejudice, without permitting him to amend. Dionise also contends that the court erred by entering a remittitur in his judgment against the Alfonsos without allowing the alternative of a new trial or acceptance of the re-mittitur. He seeks reinstatement of the judgment.
The Alfonsos appeal the judgments of Dionise and Molne against them. Mr. and Mrs. Alfonso contend that the trial court erred by excluding the testimony of a lawyer and the lawyer’s legal secretary, which testimony, when proffered, was to the effect that Mrs. Molne was aware of and consented to the sale. The trial court excluded such testimony on the ground that there was an attorney-client privilege although Mrs. Molne disclaimed her privilege. The Alfonsos’ argument, then, is that the court improperly applied the attorney-client privilege. Mrs. Alfonso con *616 tends that punitive damages should not have heen awarded against her as there was no evidence of her net worth. There are only two alleged errors by the trial court that we need consider in determining these appeals: (1) whether the trial court erred in excluding the testimony of the lawyer purportedly representing Mrs. Molne and the lawyer’s legal secretary and (2) whether the trial court erred in granting the Keyes Company’s motion to dismiss Dionise’s complaint against it.
As to whether the trial court erred in excluding the testimony of the lawyer and the secretary, we note at the outset that the attorney-client privilege is firmly established in the law of this state. Keir v. State, 1943, 152 Fla. 389, 11 So.2d 886. “The confidential relationship of attorney and client is a sacred one, and one that is indispensable to the administration of justice.” Seaboard Air Line Railroad Company v. Timmons, Fla.1952, 61 So.2d 426, 428. Generally speaking, however, the relationship of attorney and client must exist in order for the communications to be privileged. Keir v. State, supra. In the instant case, the proferred testimony of both the attorney and the secretary was to the effect that Mrs. Molne was represented by that attorney in closing the real estate transaction being litigated; and that a discussion in connection with the closing of the transaction was held in the attorney’s office between the attorney, Mrs. Molne and Mr. Alfonso. Counsel representing Mrs. Molne at the hearing objected to admission of the testimony as being privileged communication. In court, as well as on written interrogatories, Mrs. Molne denied that she retained that attorney, or that she paid attorneys fees on any matter related to the property which is the subject matter of this litigation. The court granted the motion to strike answers given relating to any conversation between Mrs. Molne and the attorney and precluded further testimony of the attorney and legal secretary. In our opinion, it was error for the court to invoke the attorney-client privilege in this case for the following reasons: There was proferred testimony to the effect that a conversation took place between the attorney and Mrs. Molne relating to the real estate transaction herein litigated, which conversation took place in the presence of Mr. Alfonso, an adverse party to this litigation. Further, Mrs. Molne denied and disavowed the attorney-client relationship and thus was not in the posture to urge the attorney-client privilege. If admitted into evidence, the excluded testimony of the two witnesses could materially affect the outcome of the case. Therefore, we find the exclusion of the testimony based upon the attorney-client privilege to be prejudicial error requiring reversal. The judgments in favor of Dionise against the Alfonsos and in favor of Molne against the Alfonsos are reversed with directions to grant a new trial.
As to the dismissal of the complaint of Dionise against the Keyes Company, the court stated, “I am not making any findings of fact on it. I mean as to the cause of action. The complaint did state a cause of action.” (emphasis added) But, he continued, since it was determined at a prior hearing that the signature was a forgery, it “ . . . wouldn’t indicate that the Keyes Company . . . was vicarious (sic) liable.” This was tantamount to entering a summary judgment. Although counsel for Dionise did not move the court for permission to amend his complaint, this was excused by the trial court’s statement.
The remaining contentions of the parties need not be considered as they are now rendered moot. The respective causes are hereby reversed with directions to grant a new trial and to permit Dionise to amend his complaint against Keyes if he so desires.
Reversed and remanded with directions.