PER CURIAM.
Arnold Joyner was charged by information, tried by jury, and found guilty of conspiracy to commit robbery. He was adjudicated guilty and sentenced to one year in the county jail, followed by five years probation to begin after serving eleven months of the jail term. The conviction and sentence is before us on appeal.
Joyner contends that the evidence was insufficient to support a conviction and that the court erred in failing to charge the jury that the State has the burden of proof of establishing the corpus delicti of the crime charged, independent of his confession.
Before a confession is received in evidence, there must be some independent proof of the corpus delicti. Parrish v. State, 1925, 90 Fla. 25, 105 So. 130; Keir v. State, 1943, 152 Fla. 389, 11 So.2d 886. There should at least be some additional substantial evidence of the corpus delicti, direct or circumstantial, before the jury should be permitted to consider any admission or confession of the defendant. Tucker v. State, 1912, 64 Fla. 518, 59 So. 941; Freeman v. State, Fla.App.1958, 101 So.2d 887.
From the record it is clear that the trial court, whose province it was to determine the sufficiency of the proof of the corpus delicti, was entitled to and did find the necessary prima facie existence, of the corpus delicti. See LaSalle v. State, Fla.App.1966, 187 So.2d 407. Having made a determination of the prima facie existence of the corpus delicti, it was not incumbent on the court to charge the jury that the State has the burden to prove the corpus delicti before the jury would be entitled to make a finding of guilt solely based on an admission or confession of the defendant.
The record contains competent substantial evidence to support the conviction. Accordingly, the conviction and sentence is affirmed.