390 So.2d 426 (1980)
Keith E. MOBLEY, Appellant,
v.
FULFORD VAN & STORAGE and Monarch Insurance Company, Appellees.
No. SS-287.
District Court of Appeal of Florida, First District.
November 13, 1980.
Rehearing Denied December 19, 1980.
*427 Steven C. Burrage and Robert D. Melton, Orlando, for appellant.
Janet L. Brown, of Haas, Boehm & Brown, Orlando, for appellees.
PER CURIAM.
In this worker's compensation appeal we affirm the deputy commissioner's ruling denying appellant's objection to surveillance films offered into evidence by the employer/carrier. Rules 10(a)(4) and (5), Florida Worker's Compensation Rules of Procedure (temporary) provide that impeachment and rebuttal exhibits and witnesses need not be revealed at the pretrial conference. Further, the deputy commissioner's refusal to order disclosure or production will not be reversed absent a showing of abuse of discretion. Melton v. Bowen Roofing Company, IRC Order 2-3376 (March 15, 1978). Appellee points out that the surveillance witnesses were known to the claimant's counsel more than a month prior to the final hearing, but no effort was made to elicit information from them by means of depositions.
*428 We reverse the order of the deputy commissioner for failure to set forth findings upon which he based denial of the benefits sought by the claimant. Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla. 1976); Pierce v. Piper Aircraft Corporation, 279 So.2d 281 (Fla. 1973); and Westberry v. Copeland Sausage Company et al., 389 So.2d 1214 (Fla. 1st DCA 1980), Case No. SS-356, Opinion filed October 27, 1980.
Here the order contains little more than could be gleaned from a cursory glance at the index to the record on appeal. We agree with appellees' assertion that it is not necessary for the deputy commissioner to make a belabored finding of fact on each and every potential question which may have arisen in the course of the claim and compensation hearing. The order here for review, however, contains no findings whatever with respect to the nature of the accident, the injuries sustained, the treatment provided in the past or presently being provided, and no indication whatever concerning the past or present complaints or disabilities for which the claimant is seeking benefits. We strongly disagree with appellees' assertion that it is the function of this court, when faced with an order of this kind, to "search the record on appeal for any support of the compensation order, and if such is found, the Order must be affirmed." See Armour & Company v. Chatman, IRC Order 2-3212 (August 4, 1977). We further observe, parenthetically, that it is the function of the order to provide at least an outline of the essential facts pointing toward the decision ultimately reached by the deputy commissioner;[1] and it is the function of appellate counsel to refer the court, by appropriate references to the specific pages of the testimony or other documents in the record, to the evidence which either supports or fails to support the essential facts upon which the decision is based.
REVERSED AND REMANDED for the entry of an order as directed by this opinion.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] Rule 8(b), Florida Workers' Compensation Rules of Procedure, as amended by order of the Supreme Court of Florida, October 23, 1980:

(b) The order of the Deputy shall set forth findings of fact, conclusions of law and the Deputy's determination of the claim or other ruling. The order shall be signed by the Deputy and shall include a certificate of mailing thereon. (emphasis supplied)