SMITH, Judge.
The employer/ carrier appeal an award of permanent and total disability. The deputy commissioner’s refusal to allow surveillance evidence offered by the E/C for impeachment of the claimant’s testimony requires reversal.
Hearing on the claim for temporary and permanent total disability benefits was scheduled for June 28, 1984. The pretrial order required witness disclosure at least 10 days before the hearing. On June 12, 1984, the E/C began surveillance of the claimant. Surveillance was completed on June 14 and claimant’s counsel was notified on June 21, by telephone and letter, of the E/C’s intention to use the surveillance witness and film. The E/C’s motion to amend its witness list to include the surveillance testimony was denied at the June 28 hearing.
The final hearing was not completed on June 28, as scheduled. At the beginning of the hearing it became apparent that the claimant intended to call a witness contrary to claimant’s attorney’s written representation to the E/C’s attorney that the witness would not be used. The E/C’s motion to exclude this witness was granted. However, because of the apparent misunderstanding between counsel (claimant’s attorney said he had overlooked the letter in the file confirming the understanding that the witness would not be used), the deputy continued the final hearing until July 28, for the sole purpose of allowing the E/C to depose the additional witness. Despite the continuance, the deputy adhered to his previous ruling excluding the E/C’s surveillance evidence because of non-compliance with the 10-day disclosure requirement.[1]
It was an abuse of discretion for the deputy to refuse the E/C’s proffer of the surveillance evidence at the continued hearing. The guiding principle, applicable in workers’ compensation litigation as in civil litigation before a circuit court, is stated in Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981):
*1380 [A] trial court can properly exclude the testimony of a witness whose name has not been disclosed in accordance with a pretrial order. The discretion to do so must not be exercised blindly, however, and should be guided largely by a determination as to whether use of the undisclosed witness will prejudice the objecting party.
Id. at 1313-1314.
Here, by the time this matter came before the deputy commissioner for trial, claimant’s attorney had been aware of the surveillance evidence for 38 days. Furthermore, although the E/C’s attorney was tardy by three days in giving notice initially, the facts demonstrate that notice was given with reasonable promptness after the E/C actually obtained the evidence. There is no suggestion in the record of any unfair “surprise” strategy on the E/C's part. Surveillance, by its very nature, is most likely to be ineffective if announced in advance. Although surveillance was initiated only a little more than two weeks before trial, this in itself is not grounds for exclusion under the circumstances, if indeed it could ever be so considered, since evidence of the claimant’s condition close to the date of hearing could in many eases be most helpful to the deputy commissioner in determining the claimant’s present condition. Here, the delay of the hearing for a full month was more than sufficient to alleviate any possible prejudice to the claimant in his ability to obtain discovery of the surveillance material and to prepare evidence in rebuttal, if necessary. Lastly, the court-ordered continuance for unrelated reasons eliminated any possibility of disruption of the orderly and efficient trial of the case. See, Binger, supra at 1314.
The E/C directs our attention to Rule 4.100(a), “Pretrial Procedure,” Workers Compensation Rules, subsection (4), which provides, in part: “Impeachment and rebuttal exhibits need not be revealed.” The E/C also notes that in Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA 1980), this court affirmed a deputy commissioner’s order denying the claimant’s objection to surveillance films offered by the E/C. The E/C advances the argument that the cited rule and opinion also dictate reversal on the surveillance ruling, on the premise that the deputy commissioner was in error in excluding the surveillance evidence in the first place. We disagree. Insofar as the E/C attempts to challenge the authority of the deputy commissioner to enact a “local rule” in conflict with rules duly promulgated by the Florida Supreme Court (see, R.P. Hewitt & Associates v. Hurt, 411 So.2d 266 (Fla. 1st DCA 1982), the present facts do not appear to present such a conflict. Mobley, does not construe Rule 4.100(a)(4) as prohibiting a deputy from ordering disclosure in the pretrial order, since no pretrial order was involved in that case. Rather, Mobley implies the existence of authority on the part of the deputy to order disclosure of surveillance evidence. Finally, the pretrial order here incorporates, by reference, the deputy commissioner’s “rule” requiring disclosure of surveillance evidence. There being no objection at the time of the pretrial order, no question relating to the deputy’s authority to enter the order has been preserved for appellate review. Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
We find no merit in the E/C’s contention that the deputy commissioner erred in proceeding in violation of a bankruptcy court stay order. The bankruptcy order pertained only to the employer, and the deputy’s order is specifically limited to the insurance carrier. Further elaboration on this point is foreclosed by the E/C’s failure to raise the issue below. Sunland Hos-pital/State of Florida v. Garrett, supra.
Finally, our reversal on the surveillance evidence issue renders moot the remaining questions on appeal. The order awarding permanent total disability, costs, interest, penalties and reserving jurisdiction for award of attorney’s fees, is reversed.
REVERSED and REMANDED for further proceedings.
SHIVERS and BARFIELD, JJ., concur.

. The deputy commissioner viewed exclusion as the appropriate means of enforcement of his "long standing rule,” promulgated by means of written notice to all workers’ compensation practitioners, which emphasized strict adherence to the 10-day witness disclosure period as directed in pretrial orders, as well as the requirement that surveillance witnesses be disclosed. Additional procedures were set forth in the notice governing pretrial production of any surveillance evidence, questioning of surveillance witnesses, and deposition of the claimant on short notice. No contention is made that the E/C’s attorney was unaware of the rule.