554 So.2d 1208 (1989)
Elisa CALLEYRO, Appellant,
v.
MT. SINAI MEDICAL CENTER and Gates McDonald, Appellees.
No. 89-1134.
District Court of Appeal of Florida, First District.
December 29, 1989.
Rehearing Denied February 2, 1990.
Roberto Rigal, Jr., of Levine, Busch, Schnepper & Stein, Miami, for appellant.
John F. McMath, Miami, for appellees.
WENTWORTH, Judge.
Claimant appeals a workers' compensation order by which attendant care benefits were awarded for a limited period. We find that employer/carrier's surveillance evidence was properly received as impeachment evidence and that there is an adequate evidentiary predicate for terminating the attendant care benefits. However, we find that there was also an adequate predicate for an award of such benefits prior to the date of formal claim. This evidence, indicating that employer/carrier was no notice as to the prior need for attendant care, is not discussed in the challenged order which declines to award such benefits prior to the date of claim, and we reverse the order in this regard.
Claimant sustained an injury which was stipulated as compensable after a prior appeal to this court in Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA 1987). Various psychiatrists treated claimant for psychiatric problems related to her initial injury. These psychiatrists generally substantiated claimant's need for attendant care in connection with certain daily activities. The need for such care was also indicated in the testimony of claimant and her adult daughter.
Employer/carrier presented surveillance evidence obtained by a private investigator. This evidence was somewhat inconsistent with claimant's described activities, and was submitted as impeachment evidence over claimant's objection. Claimant contended that the evidence should be excluded because the witness was not revealed *1209 on the pretrial witness list. But Rule 4.100(a)(5), Workers' Compensation Rules of Procedure, which authorizes certain pretrial procedures encompassing the identification of witnesses, expressly provides that "impeachment witnesses, and rebuttal witnesses thereto, need not be revealed." In accordance with Rule 4.100(a)(5), the admission of such evidence without pretrial disclosure has been approved in cases such as Gray Truck Line Co. v. Robbins, 476 So.2d 1378 (Fla. 1st DCA 1985), and Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA 1980). While Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981), purports to reject any distinction between impeachment or rebuttal witnesses and other witnesses with regard to pretrial disclosure in civil proceedings, workers' compensation proceedings are governed by the explicit provisions of Rule 4.100(a)(5). Indeed, Binger acknowledges that even in the civil forum disclosure requirements may vary with local rules and customs, and the decision to admit the testimony of a nondisclosed witness is a matter within the discretion of the trial judge. Both Binger and Robbins also recognize that in certain situations the testimony of a nondisclosed witness may present unfair surprise and prejudice. Although the existence of the surveillance evidence was not known to claimant prior to the hearing in the present case, there has not been any showing of unfair surprise or prejudice, and the admission of such evidence was in accordance with Rule 4.100(a)(5) and was not an abuse of discretion.
The judge relied upon both the surveillance evidence and the testimony of an examining physician in terminating attendant care as of the date of the physician's examination, and we conclude that the judge could construe such evidence as indicating that attendant care is no longer needed. In awarding attendant care prior to the date of examination the judge found that the other evidence established a need for attendant care continuing to the date of examination. However, the judge declined to award such care prior to the date of formal claim, suggesting that employer/carrier was not on notice of the need prior to the date of claim.[1]
It has been established that reimbursement for attendant care obtained prior to formal request may be awarded under section 440.13, Florida Statutes, where the employer was aware that the nature of an injury necessitated such care. See Walt Disney World v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983). In the present case the medical report and deposition of a treating psychiatrist delineated the potential need for attendant care several years prior to the date of formal claim, indicating that claimant was unable to follow medication instructions and needed "assistance" with various "activities of daily living." There is no reference to this evidence in the challenged order, and insofar as it appears that the judge may have ignored or overlooked this evidence the order does not comport with the requirement of Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla. 1976), and Pierce v. Piper Aircraft Corp., 279 So.2d 281 (Fla. 1973), with regard to the necessary findings of ultimate material fact. See generally, Poorman v. Muncy & Bortle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983).
The order is reversed as to the denial of attendant care prior to the date of formal claim, and the judge should consider this matter on remand. The order is otherwise affirmed, and the cause is remanded.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Employer/carrier's argument as to waiver was not presented below and will not be considered on appeal. Employer/carrier also argue that the attendant care furnished by claimant's daughter was merely a gratuitous family service. However, the service provided exceeded that normally furnished by a family member for the benefit of the household, and thus should not be deemed gratuitous. See Walt Disney World v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983). And claimant sufficiently established the quantity, quality, and duration of such service, by competent substantial evidence.