PER CURIAM.
This is an appeal by the defendant Jose Pimentel from a final judgment entered upon an adverse jury verdict in an action sounding in ejectment, trespass, slander of title, and other counts arising out of a dispute over the ownership of certain real estate. We reverse the final judgment under review and remand the cause for a new trial upon a holding that the trial court committed reversible error in refusing to admit in evidence a quitclaim deed on the subject real estate given by the plaintiff Norma Alamo to either the defendant or the defendant’s son and testimony from an authenticating witness to such deed.
The plaintiff conceded at trial that she had signed the quitclaim deed, but claimed she did not know what she was signing. We conclude that the various objections to this publicly recorded deed go to the evidentiary weight to be given to the deed, but do not preclude the admissibility of the deed. See Pritchett v. Brevard Naval Stores Co., 126 Fla. 156, 170 So. 610 (1936); Yates v. Bass Ranch, Inc., 379 So.2d 710, 711 (Fla. 4th DCA 1980); Windle v. Sebold, 241 So.2d 165, 167 (Fla. 4th DCA 1970); cf. Brown v. Sims, 538 So.2d 901, 906 (Fla. 3d DCA) (factual questions arising from contents of offered record go to weight, not admissibility), jurisdiction accepted, 547 So.2d 635 (Fla.1989); Holliday v. State, 389 So.2d 679, 681 (Fla. 3d DCA 1980) (remoteness of time between making of the proffered medical report and crime went to weight not admissibility). See generally §§ 90.803(14), 90.902(4), 695.-09, Fla.Stat. (1987); 1 Fla.Jur.2d Acknowl edgments § 14 (1977) (mode of acknowledgment; placing witnesses under oath not required). Moreover, the fact that the authenticating witness was not listed on the defendant's pretrial catalog, although troubling, cannot dictate a different result given the plaintiff's knowledge and possession of the quitclaim deed in question; plainly, the plaintiff was not substantially prejudiced by the omission of the authenticating witness from the pretrial catalog. See Binger v. King Pest Control, 401 So.2d 1310, 1313 (Fla.1981); Lugo v. Florida East Coast Ry., 487 So.2d 321, 323-25 (Fla. 3d DCA 1986); In re Estate of Lochhead, 443 So.2d 283 (Fla. 4th DCA 1983); see also Gray Truck Line Co. v. Robbins, 476 So.2d 1378 (Fla. 1st DCA 1985) (grant of continuance alleviated any prejudice); Green v. Shoop, 240 So.2d 85, 86-87 (Fla. 3d DCA 1970) (dicta; prejudice to objecting party should guide trial judge’s discretion). Finally, the issue of the ownership of the subject real estate went to the very heart of this lawsuit and tended to show that the plaintiff had no property interest in the real estate — so that the erroneous exclusion of the aforesaid quitclaim deed was enormously prejudicial to the defendant. See Pritchett, 126 Fla. at 169, 170 So. at 615; Lea Indus. v. Raelyn Int’l, Inc., 363 So.2d 49, 52 (Fla. 3d DCA 1978); Dionise v. Keyes Co., 319 So.2d 614, 616 (Fla. 3d DCA 1975).
The final judgment under review is reversed, and the cause is remanded to the trial court with directions to grant a new trial to be conducted in accord with this opinion.