WEBSTER, Judge.
In this workers’ compensation ease, the employer and servicing agent seek review of an order refusing to allow them to introduce into evidence surveillance films taken of claimant. We conclude that the order was erroneous. Accordingly, we reverse.
There is no dispute regarding the relevant facts. In March 1991, the parties signed (and the judge approved) a pretrial stipulation on which counsel for the employer and servicing agent noted his intent to call impeachment and rebuttal witnesses, but did not specifically identify any surveillance witness or exhibit. On May 23, 1991, counsel for claimant served upon counsel for the employer and servicing agent a request for production of “[a]ny and all surveillance films and tapes taken by the carrier [sic] or in their [sic] possession.” Counsel for the employer and servicing agent responded on May 28, 1991, “[t]hat there are no surveillance films or tapes available at this time.”
The hearing (which had been postponed at the request of counsel for the employer and servicing agent) was commenced on September 18,1991. During the hearing, it became apparent that the employer and servicing agent intended to call a surveillance witness and to present surveillance films. Counsel for claimant objected to both the witness and the films because the employer and servicing agent had failed to reveal the existence of surveillance films despite the request to produce; and because neither the witness nor the films had been listed on the pretrial stipulation. Counsel for the employer and servicing agent responded that no surveillance had been performed until June and July 1991, after the pretrial stipulation had been signed and the request to produce had been answered. Counsel for claimant replied that the employer and servicing agent had a continuing obligation to reveal surveillance evidence, regardless of whether it existed when the pretrial stipulation was executed or the request to produce was answered. Because it was apparent that the hearing could not be concluded in the time allotted, the judge ruled that the surveillance evidence could not be presented at that time. Instead, he reserved ruling on the objection, directing the parties to submit legal memoranda addressed to whether there is a continuing duty to reveal the existence of surveillance evidence.
Prior to resumption of the hearing, the judge ruled that the surveillance evidence could not be used. He reaffirmed that ruling during the final portion of the hearing, and in his final order. In that order, the judge held that the employer and servicing agent were precluded from presenting the surveillance evidence because, despite claimant’s request to produce, the employer and servicing agent had failed to reveal the existence of such evidence until after claimant had testified at the hearing. According to the judge, “[i]t appeared that the Claimant ... was ambushed.” On appeal, the employer and servicing agent ar *1026 gue that they were not required to list either surveillance witnesses or surveillance films on the pretrial stipulation because both were intended to be used solely for impeachment or rebuttal; and that they had no duty to supplement their response to the request to produce because it was truthful and complete when made. With some reluctance, we agree.
It is clear that, even if the surveillance evidence had been in existence when the pretrial stipulation was signed, the employer and servicing agent would have had no legal duty to list either the proposed witness or the films. Florida Rule of Workers’ Compensation Procedure 4.100(a) expressly exempts from revelation at the pretrial conference impeachment and rebuttal witnesses and exhibits. E.g., Calleyro v. Mt. Sinai Medical Center, 554 So.2d 1208 (Fla. 1st DCA1989); Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA1980). Clearly, if the employer and servicing agent would have had no legal duty to list such evidence had it existed when the pretrial stipulation was signed, they had no duty to amend the stipulation after the evidence had come into existence.
Florida Rule of Workers’ Compensation Procedure 4.090(g) reads:
The evidence of any investigator, adjustor, or other witness in the nature of surveillance shall be subject to discovery when such evidence will be used at trial, provided the party intending to use such evidence is first given a reasonable opportunity to depose the party or witness who is the subject of the surveillance.
Rule 4.090(b) reads:
The parties shall be subject to discovery procedures dealing with the production of records and other tangible things, and entry on land or other property for inspection or other purposes within the scope of discovery, including but not limited to all hospital and medical reports pertaining to the industrial accident, all rehabilitation reports, all records pertaining to the claimant’s average weekly wage at the time of the industrial accident or earnings made subsequent to the industrial accident, and a transcript of any recorded statement of a party. The parties shall have 30 days to serve a written response after service of any request under this rule. The judge of compensation claims, for good cause shown, may enlarge or shorten the time allowed for compliance with this rule.
Read together, it is clear that rules 4.090(b) and (g) authorize discovery of surveillance films. However, there is nothing in rule 4.090 to suggest that a party who has made a truthful and complete response to a request for discovery (including a request to produce) has any legal duty to supplement that response to reflect information later acquired or to correct a response which, because of subsequent developments, is no longer accurate. In the absence of language in the rule from which such an intent might fairly be gathered (see, e.g., Fed.R.Civ.P. 26(e)), we are unwilling to impose such a substantial additional burden upon parties to workers’ compensation proceedings. To do so would, in our opinion, constitute improper meddling in the rulemaking process.
Because it is undisputed that no surveillance of claimant had occurred when the employer and servicing agent responded to claimant’s request to produce surveillance films, it is clear that the response was truthful and complete. Because we have concluded that the employer and servicing agent had no legal duty to supplement their response after the surveillance had occurred, it was error for the judge to refuse, on that ground, to allow presentation of the surveillance evidence. Accordingly, we are constrained to reverse the order and to remand for a new hearing.
We do not mean to suggest by this opinion that we approve of tactics such as that employed below, which, as the judge noted, result in trial by ambush. We hold only that, as presently drafted, the applicable Florida Rules of Workers’ Compensation Procedure did not impose upon the employer and servicing agent any legal duty to disclose the surveillance films taken after they had responded to the request to produce. We urge the Workers’ Compensation Rules Committee to address this prob *1027 lem. In the meantime, cautious practitioners may find it advisable to serve a request to produce such films shortly before the hearing; and to ask the judge, pursuant to Rule 4.090(b), to shorten the time for compliance.
REVERSED and REMANDED, with directions.
ERVIN and ZEHMER, JJ., concur.