COPE, Judge.
Jesus Sanchez and the Advocacy Center for Persons with Disabilities, Inc. petition for a writ of certiorari. We grant the petition.
Sanchez is charged with three counts of first degree murder. He was found incompetent to stand trial in 1979 and institutionalized. In 1991 he was found competent and criminal proceedings resumed. On motion by the defense, defendant’s competency is again being reassessed.
It came to the State’s attention that in April, 1992 defendant sent a letter to Ms. Christie O’Brien, client advocate, at the Advocacy Center for Persons with Disabilities, Inc.[1] The State served a subpoena on the Advocacy Center seeking production of the letter. The defendant and the Advocacy Center objected on grounds of attorney-client privilege.[2] The State’s mental health experts have indicated that a review of the defendant’s letter may be of material assistance to them in assessing defendant’s competency.
The defendant’s letter to the Advocacy Center was submitted to the trial court for an in camera inspection. The trial court concluded that the letter is not privileged and ordered the Advocacy Center to produce it to the State. Defendant and the Advocacy Center petitioned for certiorari, and submitted the letter under seal to this court for in camera review.
After review of the letter, we must respectfully disagree with the conclusion reached by the trial court. In his letter, defendant makes an explicit request to the Advocacy Center to provide him with a lawyer. The Advocacy Center is a private nonprofit corporation which is Florida’s designated protection and advocacy agency under the federal Protection and Advocacy for Mentally Ill Individuals Act of 1986, 42 U.S.C. §§ 10801-10851 (1986). Under the federal legislation, the Advocacy Center has the authority to:
investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if *434 there is probable cause to believe that the incidents occurred [and] pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the State....
Id. § 10805(a)(1)(A), (B).[3]
The Advocacy Center is authorized to institute legal action on behalf of an individual with mental illness, but the Center is required (except in emergency cases) to “exhaust in a timely manner all administrative remedies where appropriate.” Id. § 10807(a).[4] Since the defendant’s letter is one which requests the Center to provide him an attorney, and the Center is an entity which provides such assistance, we conclude that the letter is subject to the attorney-client privilege. See § 90.502(l)(e)(2), Fla. Stat.(1993); Keir v. State, 152 Fla. 389, 394, 11 So.2d 886, 888 (1943) (“[Communications made by a person to an attorney with the view to employing him professionally fall within the rule, although the attorney is not subsequently employed.”) (citations omitted); State v. Rabin, 495 So.2d 257, 260 (Fla. 3d DCA 1986). The fact that defendant’s letter was addressed to Ms. O’Brien, a nonlawyer client advocate employed by the Advocacy Center, rather than an attorney, makes no difference. See § 90.502(1)(c), Fla. Stat.(1993); American Nat’l Watermattress Corp. v. Manville, 642 P.2d 1330, 1334 (Alaska 1982) (attorney-client privilege protected statement by prospective client given to attorney’s nonlawyer employee); 8 Wigmore on Evidence § 2301, at 583 (4th ed. 1962).
We conclude that the letter is protected by the attorney-client privilege. Accordingly we quash the order requiring its production.
Certiorari granted.

. As a result of defendant’s letter to Ms. O'Brien, Ms. O’Brien sent a letter to the Dade County Jail on defendant's behalf, making several inquiries regarding defendant’s care and treatment.

. Other objections were also raised which need not be considered here.

. In its submissions the Advocacy Center stresses the fact that it does not provide any mental health or social work services, but instead is to serve as an advocate within the limits of its resources.

. The Advocacy Center may not participate in individual civil commitment proceedings, an issue not involved in the present case. See Robbins v. Budke, 739 F.Supp. 1479, 1481 (D.N.M.1990); 42 U.S.C. § 10821(a)(1) (1986).
The Advocacy Center is presently amicus curiae in a pending class action challenging conditions in the Dade County Jail. Bridges v. Lawrence, No. 74-994-Civ-AH (S.D.Fla. Nov. 10, 1993) ("Order Granting Leave to Enter as Amicus”).